## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KWADZO WATSON, | ) |
| | ) |
| Movant/Defendant, | ) |
| | ) |
| v. | ) Civ. A. No. 11-36-GMS |
| | ) Cr. A. No. 08-133-GMS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent/Plaintiff. | ) |

## **MEMORANDUM OPINION**

_____

Kwadzo Watson. *Pro se* movant.

Ilana Eisenstein. Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for respondent.

_____

March 19 , 2014

Wilmington, Delaware

SLEET, Chief Judge

## I.    INTRODUCTION

Movant Kwadzo Watson ("Watson") filed a *pro se* motion to vacate, set aside, or correct

sentence pursuant to 28 U.S.C. § 2255.  (D.I. 36)  The government filed a motion to dismiss.

(D.I. 41)  For the reasons discussed, the court will grant the government's motion and deny

Watson's § 2255 motion without holding an evidentiary hearing.

## II.    BACKGROUND

On September 22, 2009, Watson pled guilty to one count of being a felon in possession of

a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of possession with intent to

distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B).

(D.I. 29;  D.I. 42)  The memorandum of plea agreement provided, in relevant part:

> The defendant knowingly and voluntarily waives the right to take a direct appeal from his
> conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, and **further waives**
> **the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking his**
> **conviction or sentence, and the right to file any other collateral proceeding attacking**
> **his conviction or sentence.**  This waiver is subject to the following exceptions: (a) if the
> United States appeals from the sentence, the defendant may take a direct appeal from the
> sentence; (b) the defendant may appeal on the ground that the sentence exceeds the
> applicable statutory limits set forth in the United States Code; and (c) the defendant may
> appeal any upward variance pursuant to 18 U.S.C. § 3554(a) from the final sentencing
> guideline range as calculated by the District Court.

(D.I. 29) (emphasis added).

During the plea colloquy, the court reviewed each paragraph and posed specific questions

to Watson with respect to each section of the plea agreement.  The court read the appellate and

collateral attack waiver provision to Watson, confirmed that Watson had consulted with his

attorney regarding the waiver, and discussed in detail the implications of the waiver.  (D.I. 42 at

18-21)  In response to the court's inquiries, Watson stated affirmatively that he understood the

1

rights to be waived and that the plea agreement accurately reflected the agreement reached with the government. *Id.* at 18-19. The court also informed Watson that it was obligated to impose at least the minimum mandatory sentence of five years in prison. *Id.* at 21. Watson signed the plea agreement and the court adjudged him guilty. On December 15, 2009, the court sentenced Watson to the minimum mandatory five year term of imprisonment. (D.I. 33)

## II.   DISCUSSION

In a timely filed § 2255 motion, Watson asserts that he should be resentenced pursuant to the Fair Sentencing Act of 2010 ("FSA") because he believes the amendment reducing the crack/powder sentencing disparity applies retroactively to his case. In response, the government moves for dismissal of the § 2255 motion, based on the appellate waiver provision contained in Watson's plea agreement.

As a general rule, courts will enforce a defendant's waiver of his appellate and collateral rights, if it is "entered knowingly and voluntarily and [its] enforcement does not work a miscarriage of justice." *United States v. Mabry*, 536 F.3d 231, 236-37 (3d Cir. 2008). The court has an affirmative and "an independent obligation to conduct an evaluation of the validity of a collateral waiver." *Id.* at 238. Specifically, the court must consider: (1) whether the waiver was knowing and voluntary; (2) whether there is an exception to the waiver which prevents its enforcement; and (3) whether enforcement of the waiver would cause a miscarriage of justice. *United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008).

When determining if a waiver of the right to collateral review was knowing and voluntary, the reviewing court must determine if "the district court inform[ed] the defendant of, and determine[d] that the defendant under[stood] . . . the terms of any plea agreement provision

2

waiving the right to appeal or to collaterally attack the sentence as Federal Rule of Criminal Procedure 11(b)(1)(N) requires." *Mabry*, 536 F.3d at 239. When determining whether a miscarriage of justice would occur if the waiver were enforced, there is no specific list of circumstances that would constitute a miscarriage of justice. *Id.* at 242. Rather, the court must apply a common sense approach and evaluate "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government and the extent to which acquiesced in the result." *Id.* at 242-43. To that end, granting an exception to a waiver based on a miscarriage of justice must be done "sparingly and without undue generosity." *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005).

## A. Voluntary and Knowing Nature of Waiver

Having reviewed the transcript of the guilty plea hearing, as well as the parties' submissions, the court concludes that Watson's waiver of his appellate and collateral review rights in exchange for certain promises from the government was knowing and voluntary. As mandated by *Mabry*, the transcript of the plea hearing reflects that the court explained the specific terms of the plea agreement and questioned Watson to confirm that he understood the meaning of the provisions. The court assured that Watson was competent, and that he had a full opportunity to discuss the agreement with counsel and make an informed decision. Notably, the court reviewed the waiver paragraph with Watson in detail, and explained the rights Watson was relinquishing in exchange for the deal with the government. This dialogue clearly demonstrates that Watson's waiver was knowing and voluntary.

3

## B. Scope of the Waiver

The next question is whether Watson's sole argument in his § 2255 motion falls into any of the exceptions to the waiver. It does not. The government did not appeal the sentence, and Watson does not challenge his sentence on the ground that that the sentence exceeds the statutory limits or that the court applied an upward variance from the final sentencing guideline range as calculated by the court.[1] Thus, Watson's instant FSA argument cannot prevent the enforcement of the waiver.

## C. Miscarriage of Justice

Finally, the court must determine if enforcing the waiver will result in a miscarriage of justice. Although the Third Circuit has refrained from identifying a specific list of circumstances to consider before invalidating a waiver for creating a miscarriage of justice, the Third Circuit has recognized that a miscarriage of justice may result by enforcing an appellate/collateral waiver where there has been ineffective assistance of counsel in connection with the negotiation of the waiver. *See United States v. Shedrick*, 493 F.3d 292, 298 (3d Cir. 2007). Here, however, Watson does not allege any deficient conduct by his attorney in relation to the plea agreement or waiver. Watson's § 2255 motion also does not contend that there were any defects in the waiver agreement or that he did not understand, or involuntarily entered into, the plea agreement. Instead, Watson submits that the FSA, enacted after he was sentenced, retroactively applies to

---

[1]Notably, Watson could not challenge his sentence on the last two grounds because he was sentenced to the statutory minimum and his sentence was not the result of an upward variance from the applicable guideline range. Moreover, the Third Circuit "and every other court of appeals to consider the issue, has held that the FSA mandatory minimums do not apply to defendants who committed their offenses and were sentenced prior to the enactment of the FSA in August, 2010." *United States v. Ortiz-Vega*, __ F.3d __, 2014 WL 943247, at *5 (3d Cir. Mar. 12, 2014) (citing *United States v. Reevey*, 631 F.3d 110, 114-15 (3d Cir. 2010).

4

his situation and necessitates a reduction in his sentence. Significantly, Watson does not explain how his FSA claim renders the appellate waiver provision ineffective or how enforcement of the waiver would constitute a miscarriage of justice. As previously noted, the record clearly reflects that Watson entered into the plea agreement knowingly and voluntarily, and the court sentenced Watson to the minimum mandatory sentence. Based on this record, the court concludes that enforcing the waiver will not result in a miscarriage of justice.

Accordingly, the court will grant the government's motion to dismiss and deny Watson's § 2255 motion.

## III. EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. The record conclusively demonstrates that Watson is not entitled to relief under § 2255. Therefore, the court concludes that an evidentiary hearing is not warranted.

## VI. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Where, as here, the court denies a 2255

5

motion on procedural grounds without reaching the movant's underlying constitutional claims, the movant must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The court has concluded that Watson's §2255 motion is barred by the plea agreement's waiver provision. The court is persuaded that reasonable jurists would not find this assessment debatable. Therefore, the court will not issue a certificate of appealability.

## VII.    CONCLUSION

The court concludes that Watson is not entitled to relief pursuant to 28 U.S.C. § 2255. An appropriate order will issue.

6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KWADZO WATSON, | ) | |
| | ) | |
| Movant/Defendant, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 11-36-GMS |
| | ) | Cr. A. No. 08-133-GMS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**ORDER**

For the reasons set forth in the Memorandum Opinion issued in this action today, IT IS

HEREBY ORDERED that:

1.  The government's motion to dismiss is **GRANTED**.  (DI. 41)

2.  Movant Kwadzo Watson's  motion to vacate, set aside, or correct sentence pursuant

to 28 U.S.C. § 2255 is **DENIED**.  (D.I. 36)

3.  A certificate of appealability will not issue for failure to satisfy the standard set forth

in 28 U.S.C. § 2253(c)(2).

4.  The clerk of the court is directed to close the case.

Monh 19 , 2014

Wilmington, Delaware

CHIEF, UNITED STATES DISTRICT JUDGE